IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY HOBBS, et al.,

      Plaintiffs,               CIV S-05-1103 FCD KJM PS

     v.

PATENAUDE & FELIX, et al.,        <u>ORDER AND</u>

      Defendants.          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

     Findings and recommendations were filed October 27, 2005 recommending dismissal of this action because it appeared plaintiffs had abandoned the litigation inasmuch as there appeared to be no service of summons and plaintiffs did not appear at the status conference. Plaintiffs filed objections and now two defendants have filed responses to the complaint. The October 27, 2005 findings and recommendations therefore will be vacated.

     However, both the motion to dismiss filed by defendant Coen and the answer filed by defendant Hunt and Henriques indicate plaintiffs have filed for bankruptcy. A review of the docket in the Bankruptcy Court for the Eastern District of California reveals plaintiffs filed for Chapter 7 bankruptcy on October 12, 2005 (Case no. 05-36151). In the Chapter 7 proceedings, plaintiffs are represented by counsel. The voluntary petition does not list the claims alleged in the instant action as an asset. As one court has observed, "[t]he debtor, once he institutes the

1

1   bankruptcy process, disrupts the flow of commerce and obtains a stay and the benefits derived by

2   listing all his assets.  The Bankruptcy Code and Rules impose upon the bankruptcy debtors an

3   express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*"

4   Hamilton v. State Farm Fire & Casualty Company, 270 F.3d 778, 785 (9th Cir. 2001) (emphasis

5   in original; internal citations omitted).  In the instant case, filed June 3, 2005 -- four months prior

6   to the institution of bankruptcy proceedings -- plaintiffs claim both monetary damages and

7   restitution.  Plaintiffs were well aware of the claims made in their complaint at the time they filed

8   for bankruptcy and failed to disclose this asset in their voluntary petition.  As such, judicial

9   estoppel must be invoked to protect the integrity of the bankruptcy process.  Id.  This case should

10   therefore be dismissed as judicially estopped.

11           Accordingly, IT IS HEREBY ORDERED that:

12           1.  The October 27, 2005 findings and recommendations are vacated;

13           2.  The hearing date of January 18, 2006 on defendant Coen's motion to dismiss is

14   vacated; and

15           IT IS HEREBY RECOMMENDED that this action be dismissed.

16           These findings and recommendations are submitted to the United States District

17   Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Findings and Recommendations."  Any reply to the objections shall be served and

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 1, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
hobbs.fts